UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RONALD SATISH EMRIT, : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 16-616M |
| : | |
| RHODE ISLAND BAR ASSOCIATION, : | |
| RHODE ISLAND SUPREME COURT, : | |
| BROWN UNIVERSITY, SALLIE MAE, : | |
| ACCESS GROUP (KHESLC), and : | |
| U.S. DEPARTMENT OF EDUCATION, : | |
|     Defendants. : | |

**REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO § 1915(e)**

PATRICIA A. SULLIVAN, United States Magistrate Judge

On November 15, 2016, Nevada resident Plaintiff Ronald Satish Emrit filed *pro se* a complaint together with a motion for leave to proceed *in forma pauperis* ("IFP"). The IFP motion, which has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A), renders this case subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). Based on my review of the complaint,[1] I find that it is frivolous, seeks monetary damages from defendants who are immune, and fails to state a claim upon which relief may be granted. Accordingly, I recommend that the case be summarily dismissed with prejudice. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1); see Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In addition, I have reviewed Plaintiff's IFP motion. I find that he is financially unable to pay the filing fee and costs of this action; thus, if this case survives screening, I recommend that the IFP motion be granted.

**I.   Background and Analysis**

---

[1] Because Plaintiff is *pro se*, I have employed a liberal construction of his filing. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, it fails to state a claim.

Plaintiff is a "prolific" *pro se* litigant in the federal district courts, including this one. Emrit v. Providence Hous. Auth., C.A. No. 16-543 S, 2017 WL 52572, at *3 (D.R.I. Jan. 4, 2017). Less than two months after he filed this case, on January 4, 2017, this Court entered an order prohibiting him from further filings without first obtaining written approval of a District Judge of this Court; because that Order had not been entered as of the date of this filing, it does not operate as a bar for this case.[2] Id., at *1. Since August 2, 2016, he has filed twenty-seven cases in federal courts around the country; many of which have been dismissed as frivolous. See id., at *3 (noting that "Nevada has taken the additional step of declaring Plaintiff a 'vexatious filer'").

The crux of the complaint in this case is that the Rhode Island bar examination is "culturally-biased against African Americans." ECF No. 1 ¶ 13. However, Plaintiff overtly concedes that he has never applied to take or taken the Rhode Island bar examination; rather, he asks the Court to "engage in the 'legal fiction' that [he] has already taken the Rhode Island state bar exam (even though technically [he] has not) since he has previously filed four other separate cases in the United States District Court of Rhode Island." ECF No. 1 ¶ 21; see also ECF No. 1 at 24 ("plaintiff has never applied for, taken, or passed the Rhode Island bar examination"). Based on this "legal fiction," he alleges that the named defendants "should have waived the requirement that the plaintiff pass the Rhode Island state bar examination and MPRE," ECF No. 1 ¶ 26, and "should have provided the plaintiff with extra time to take the Rhode Island state bar examination due to the fact that the plaintiff had and currently has bipolar disorder/ schizoaffective disorder." Id.

---

[2] Magistrate Judge Almonds's recommendation that Plaintiff be ordered to refrain from future filings, subject to certain exceptions, issued on October 25, 2016, almost a month before this case was filed. Emrit v. Providence Hous. Auth., 2017 WL 52572, at *1. The recommendation was not adopted until January 4, 2017.

As defendants, Plaintiff has named the Rhode Island Supreme Court, whose Rules govern the Rhode Island bar examination. In addition, he also names and seeks to serve at public expense Brown University, Sallie Mae, the Rhode Island Bar Association, Access Group (KHESLC) and the United States Department of Education, none of which have any discernable link to the bar examination or to Plaintiff's "legal fiction" that he took it.[3] He seeks between $40 and $45 million dollars in damages from all of them. ECF Nos. 1 at 12, 22, 23; 1-1 at 1.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) is the same as that used when ruling on a Rule 12(b)(6) motion to dismiss. Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Section 1915 also requires dismissal if the Court finds that the case is frivolous or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A viable complaint must also satisfy Fed. R. Civ. P. 8(a), which requires a plaintiff to include "a short and plain statement of the grounds for the court's jurisdiction . . . and of the claim showing that the pleader is entitled to relief," as well as Fed. R. Civ. P. 10(a)-(b), which requires a caption and claims set out in numbered paragraphs, each limited to a single set of circumstances.

This case is clearly frivolous. No amount of liberal construction allows a litigant to state a claim based on a "legal fiction;" put differently, this Court cannot and will not proceed based on the pretense that Plaintiff applied to take or sat for the Rhode Island bar examination. See

---

[3] Defendants Brown University, Sallie Mae and Access Group (KHESLC) are named in the caption, but are not even mentioned in the body of the complaint.

New England Reg'l Council of Carpenters v. Kinton, 284 F.3d 9, 17, 2002 WL 398476 (1st Cir. 2002) ("The basic requirements for Article III standing are that the petitioner is someone who has suffered or is threatened by injury in fact to a cognizable interest, that the injury is causally connected to the defendant's action, and that it can be abated by a remedy the court is competent to give."). Further, to the extent that Plaintiff's claim seeks money damages from the Rhode Island Supreme Court, the Eleventh Amendment bars such a suit in federal court. Metcalf & Eddy v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 938 (1st Cir. 1993). This doctrine of sovereign immunity extends to the Rhode Island Supreme Court. Sinapi v. Rhode Island Bd. of Bar Examiners, No. CV 15-311-M, 2016 WL 1562909, at *2 (D.R.I. Apr. 15, 2016), appeal pending.

As to the remaining defendants, the complaint does not purport to articulate a coherent claim. For example, Plaintiff lists the U.S. Department of Education and alludes to "defaulted loans processed by the U.S. Department of Education in addition to . . . the fairness of the fact that student loans are non-dischargeable under Chapter 7 bankruptcy." ECF No. 1 ¶ 10. Yet it says nothing regarding whether there is a claim against the U.S. Department of Education, whether the claim has been administratively exhausted or why it is not barred by the sovereign immunity of the United States. See Arroyo v. Massachusetts, No. CA 12-753 S, 2013 WL 3288106, at *4 (D.R.I. June 28, 2013) (complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). If he has a claim somehow related to a disability, Plaintiff must clearly allege the violation (for example, of the Americans with Disabilities Act), and must show that he has exhausted his administrative remedies. Richardson v. Whitmarsh Corp., No. CA 07-309 ML, 2009 WL 5178075, at *13 (D.R.I. Dec. 29, 2009) ("As a prerequisite to filing suit . . . under the

4

ADA, . . . a plaintiff must pursue and exhaust his administrative remedies.") (citing Brennan v. King, 139 F.3d 258, 268 (1st Cir. 1998)). As to the remaining defendants, the complaint is completely silent as to whether Plaintiff intends to assert any claim at all; it contains nothing about them other than their names in the case caption and (as to the Rhode Island Bar Association) a description in the list of parties. See Uzamere v. United States, No. CA 13-505 S, 2013 WL 5781216, at *15 (D.R.I. Oct. 25, 2013), aff'd, (1st Cir. Apr. 11, 2014) ("In the absence of substantive allegations, all of the persons and entities who are only named in the caption are not proper parties in this case.") (citing Redondo Waste Sys., Inc. v. Lopez-Freytes, 659 F.3d 136, 140 (1st Cir. 2011))

**II.     Conclusion**

Based on the foregoing, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) is provisionally granted. However, because the complaint is frivolous, seeks monetary relief from defendants protected by immunity and fails to state a claim, I also find that the case is subject to summary dismissal at screening and recommend that the complaint (ECF No. 1) be dismissed with prejudice. See 28 U.S.C. § 1915(e)(2)(B). I further recommend that the following order issue in this case:[4]

> Plaintiff Ronald Satish Emrit is prohibited from filing any additional complaints or other papers in this Court, except for filings in currently pending cases to object to a Report and Recommendation of a Magistrate Judge or to effect an appeal from this Court, without first obtaining the prior written approval of a District Judge of this Court. If Plaintiff Ronald Satish Emrit wishes to file any additional complaints or other papers in this Court, he shall file a written petition seeking leave of Court to do so. The petition must be accompanied by copies of the documents sought to be filed, and a certification under oath that there is a good faith basis for filing them in Federal Court. The Clerk of Court shall accept

---

[4] This order is identical to the order issued in Emrit v. Providence Housing Authority, No. CV 16-543 S, 2017 WL 52572, at *1 (D.R.I. Jan. 4, 2017). I note that on January 13, 2017, Mr. Emrit filed a notice of appeal of this order to the First Circuit Court of Appeals; that appeal is currently pending.

    the documents, mark them received, and forward them to a District Judge of this Court for action on the petition for leave to file.

    Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 1, 2017